UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

Plaintiff,

v.

LYNETTE LEWIS,

Defendant.

Case No.  26-cv-02481-JCS

**ORDER TO SHOW CAUSE RE DISMISSAL**

## I.    INTRODUCTION

Plaintiff Eugene Hart, pro se, applied to proceed in forma pauperis and the Court granted his application.  *See* Docket No. 4.  The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B).  Because the complaint does not plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed.

## II.    ALLEGATIONS OF THE COMPLAINT

In his complaint, Plaintiff alleges that he resides in San Francisco, California.  Compl at 1. He has named Lynette Lewis, of Antioch, California as a defendant, and invokes both federal question jurisdiction and diversity jurisdiction.  *Id.*  at 2.  He identifies the federal law at issue in the case as " 'Mens Rea Law' 'Civil Rights.' "  *Id.* at 2, 5.  Plaintiff's allegations are largely incomprehensible.  He alleges in the Statement of Facts, for example:

> The Facts of the case is that there wasn't never a real direct contract for the person in whom the contract is assumed for, in the city of S.F., dating as far back as 2003. When is all involved seems to change from different people which makes it impossible for any one person to know with the fact of not moving locations in the pass [sic] 20 pus years. So I am making all my accusations in all of what I believe I can interpete [sic].  So the only way that could make what I think true and

United States District Court
Northern District of California

accurate in having two or more government backed sources to confirm the stories being told and allege [sic]. It's either true or false. It's abusive and unfair tactics. But that's all you can go off of is what is being told @ the time.

*Id.* at 3. The Statement of Facts continues to discuss an unidentified "Contract," alleging that "[t]he Contract is a 'Breach' and invasion of privacy and a tail on unlawful control over others for the Benefits for someone elses [sic] decision of you." *Id.* at 4.

As to the named defendant, Plaintiff alleges that " 'Lynette Lewis' is connected to the many things that's considered under the 'fictitious Business Names' for example 'Lynette Calfani-Fox' or 'Deloitte' Company which is contracts, that would be now seen as an 'Breach of Contract.'" *Id.* at 4. Plaintiff further alleges that Lynette Lewis violated his civil rights because he was "falsely accused of things [he] didn't not [sic] do which allowed Ms. Lewis to assume to take away [his] freedoms & right to life." *Id.* at 6.

In his Demand for Relief, Plaintiff states that he "wants the Court to identify how the personal info. is being collected and used" and to "disclose who the other people are so there is no confusion of who the real and true sources of information is, if needed to identify for any authority or auditor if questioned." *Id.* He also seeks $3 billion in damages "for duplicative or copyrighted purposes for infringement and unauthorized use of another[']s 'pii' or 'pi.'" *Id.* at 7.

## III.    ANALYSIS

### A.    Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of

United States District Court
Northern District of California

material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B.    Discussion

Even liberally construed, Plaintiff's allegation do not state any viable claim. Plaintiff has referred generally to his "civil rights" but he does not identify any specific statute or constitutional right he contends has been violated. Nor has he identified the specific conduct on the part of the named defendant (or anyone else) that is the basis for his claim. To the extent he may be asserting a breach of contract claim, his conclusory reference to a breach of contract without any specific

United States District Court
Northern District of California

allegations about the nature of the contract or the breach is insufficient to state a claim. The Court also notes that the Complaint contains no allegation that the named defendant is a party to the contract referenced in the Complaint.

For these reasons, the Court finds that Plaintiff's complaint is insufficient under 28 U.S.C. § 1915(e)(2)(B).

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed. Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why his current complaint is sufficient. Plaintiff's response shall be filed by **April 17, 2026**. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated:  April 2, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

4